(92 South. 431)

**PRICE v. HENDRICKS.   (7 Div. 295.)**

(Supreme Court of Alabama.   April 6, 1922.)

*1. Appeal and error ☾⇒1040(7)—Not prejudicial error to sustain demurrer to plea covered in amended and additional pleas.*

Whether error or not, it was not prejudicial to a defendant to sustain a demurrer to a plea which defendant had full advantage of under amended and additional pleas.

*2. Accord and satisfaction ☾⇒27—Payment ☾⇒76(5)—In action on account, evidence of debt held to create sufficient conflict to warrant submitting issue to jury.*

Where, in an action on an account stated and for money had and received, there was substantial evidence to support defendant's pleas of payment or of accord and satisfaction, plaintiff's testimony that defendant still owed him, though in a sense a testimonial conclusion, created a sufficient conflict of evidence to require submission of the issue to the jury.

*3. New trial ☾⇒71—Verdict not based on substantial evidence held to warrant new trial where there was no real conflict in evidence.*

Where, in an action on an account stated and for money had and received, there was substantial evidence of payment or of accord and satisfaction, which plaintiff did not specifically deny or contradict, but testified only that defendant still owed him, defendant's testimony creating a technical, but not real, conflict in the evidence, and, being a mere legal conclusion, verdict for plaintiff was not justified, and warranted granting of a motion for a new trial.

Appeal from Circuit Court, Calhoun County; S. W. Tate, Judge.

Action by George Hendricks against N. J. Price on an account stated and for money had and received. Judgment for the plaintiff, and the defendant appeals. Transferred from court of appeals under section 6, Acts 1911, p. 450. Reversed, rendered, and remanded.

The pleas were the general issue, payment, and accord and satisfaction. The undisputed evidence shows that Hendricks was injured while working on the roads of Calhoun county, and that he was allowed and payed $250, which was collected by Price. Plaintiff testified that the defendant paid $50 of this money to plaintiff, that plaintiff had demanded the balance, and that "the defendant still owes me the balance and hasn't paid it yet."

Defendant testified that he sold 60 acres of land to Jim Hendricks, the father of plaintiff, that he executed him a deed for the land, and that in the transaction the plaintiff agreed that the $200 in the hands of the defendant should be paid as a cash payment on the land, leaving a balance of a $1,000 due on the land. He testified further that

he did so apply the $200, and that the plaintiff afterward stated, in the presence of Tom Henderson, that "he had received the money from the county and paid $200 on a home for him and his parents." The testimony of the defendant is fully corroborated by the testimony of the defendant's wife, and also by the testimony of the witness Tom Henderson, who was entirely disinterested so far as appears from the record.

Plaintiff heard the testimony of the witnesses referred to, but did not take the stand in rebuttal nor offer to contradict their statements. The father and mother of plaintiff testified as to the purchase of the land from the defendant, but both of them stated that they had never had any conversation with the plaintiff as to the use of his money for a payment on the land, and that they did not know what plaintiff agreed with the defendant as to that.

The jury were instructed that, if they were reasonably satisfied from the evidence that the plaintiff agreed with the defendant that he apply the $200 in part payment for the land sold by him to James and Harriet Hendricks, and that it was so applied, they must find for the defendant.

There was verdict and judgment for the plaintiff, and defendant moved for a new trial on the ground that the verdict was contrary to the evidence and the law. This motion was overruled.

Knox, Acker, Sterne & Liles, of Anniston, for appellant.

The fourth and fifth pleas were proven without dispute, and the defendant should have been given the affirmative charge. 192 Ala. 486, 68 South. 815; 200 Ala. 241, 76 South. 7; 194 Ala. 152, 69 South. 518; 86 Kan. 154, 119 Pac. 322, 39 L. R. A. (N. S.) 487; 23 C. J. 47. A new trial should have been granted. 204 Ala. 332, 85 South. 390; 57 Ala. 521; 102 Ala. 387, 14 South. 854.

Lapsley & Carr, of Anniston, for appellee.

Counsel point out the controlling facts in the cases cited and relied on by appellant and conclude that they are differentiated from the case at bar, but they cite no additional authorities.

SOMERVILLE, J.   [1] If there was error in sustaining the demurrer to defendant's third plea, it was without prejudice, since defendant had full advantage of the same defense under his amended and additional pleas.

[2] It is insisted that the trial judge erred in refusing to give for defendant the general affirmative charge as requested; the argument being that the evidence fully sustained defendant's pleas of payment, or of accord and satisfaction, and that the evidence in

that behalf was without any material conflict. We think, however, that plaintiff's testimony that defendant still owed him the balance of $200, though in a sense a testimonial conclusion, was sufficiently in conflict with the defensive evidence relied on to require the submission of the issue to the jury.

[3] Nevertheless we are constrained to the conclusion that the testimony before the jury could not reasonably authorize a verdict for plaintiff, and that it must have been founded on inapt sentimental considerations, or on prejudice or mistake. While, as already stated, plaintiff's statement that defendant still owed him the money was in a general legal sense contradictory of the affirmative defensive testimony offered by defendant, yet it was obviously a mere legal conclusion, and not specifically contradictory of the facts offered in avoidance of the original obligation to pay. And when to this is added the consideration—very weighty here, we think—that plaintiff, after hearing the adverse testimony as to his agreement for the disposition of the money in question, and his admissions thereafter, did not undertake to make any denial of its veracity, nor to contradict it in any way, though he had the opportunity to do so, the conviction of its veracity seems unavoidable, and its rejection not authorized by anything before the jury.

We are not forgetful of the considerations which govern this court in dealing with motions of this sort, where there is a substantial conflict in the evidence, and the trial judge has refused to interfere with the verdict. But here the conflict is technical rather than real, and its substance is dissipated by the failure of plaintiff to make any specific denial of the defensive facts testified to by the other witnesses, and which, if true, must defeat his right to recover.

For the reasons stated, the motion for a new trial should have been granted. It results that the judgment overruling the motion must be reversed, and a judgment will be here rendered granting the motion, with remandment for another trial.

Reversed, rendered, and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.